IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CANDICE MILLER,**

    **Plaintiff,**

vs.                                **CASE NO. 4:23-cv-00356-MW-MAF**

**WARDEN GABBY, et al.,[1]**

    **Defendants,**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Candice Miller, a prisoner proceeding *pro se*, filed an amended complaint pursuant to 42 U.S.C. § 1983. ECF No. 5. As of the date of the drafting of this Report, Plaintiff did not pay the $402 filing fee and did not file an application to proceed *in forma pauperis* (IFP) though the Court ordered her to do so on two occasions. See ECF Nos. 3, 7. For the reasons stated, this case should be dismissed for failure to comply with court orders.

**I.**     **Plaintiff's Amended Complaint, ECF No. 5.**

Plaintiff sued the warden of Tallahassee Federal Correctional Institution and the Bureau of Prisons (BOP), solely in their official capacities. ECF No. 5, pp. 1-3. Plaintiff attempts to incorporate the factual account from

---

[1] The Clerk is directed to add the Bureau of Prisons as a defendant in this case as indicated on Plaintiff's amended complaint. ECF No. 5, p. 3.

the initial complaint into her amended complaint, but this is impermissible. An amended complaint replaces an original complaint. Fritz v. Standard Sec. Life Ins. Co., 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint"). Plaintiff alleges she suffered food poisoning and required a 30-day hospitalization because the prison food was contaminated. Id., p. 5. Plaintiff alleges the staff and inmate workers in the kitchen do not have proper food handling training. Id. Plaintiff also alleges that the delayed response of the medical staff to attend to her symptoms and fevers caused unnecessary suffering. Id. Plaintiff claims the BOP should have monitored the prison more closely. Id., p. 7. There is no set of facts applicable to the warden or the BOP. Plaintiff seeks only monetary damages -- $200,000 for pain and suffering. Id., p. 7.

## II.   Discussion

### A. Shotgun Pleadings are Not Permissible.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be

simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(a), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' Fed. R. Civ. P. 10(b)." LaCroix v. W. Dist. Of Ky., 627 F. App'x 816, 818 (11th Cir. 2015). The complaint is a vague narrative without numbered paragraphs. The Court previously advised Plaintiff of this deficiency, but she failed to cure it. See ECF No. 3.

"A 'shotgun pleading' – one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief' – does not comply with the standards of Rules 8(a) and 10(b)." Id. (citations omitted). The Eleventh Circuit "has repeatedly condemned shotgun pleadings." Id. (citing PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n. 4 (11th Cir. 2010)). Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed.

The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. at 1321. Next, is a complaint that is "replete with conclusory,

vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third type of shotgun pleading does not separate "into a different count each cause of action or claim for relief." Id. at 1323.

"Fourth, and finally, there is" the pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. "The unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

Plaintiff does not attribute any specific acts or omissions to either defendant. Legal conclusions are insufficient. The Court advised Plaintiff this type of pleading was impermissible and ordered her to amend, but she failed to comply with the order. ECF No. 3. The amended complaint remains a shotgun pleading.

B. Dismissal for Failure to Comply with Court Orders

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting

Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

Dismissal of the complaint is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999). Plaintiff filed an amended complaint which did not cure the deficiencies identified by the Court. Furthermore, the Court ordered Plaintiff to file a proper IFP application or pay the fee. ECF No. 7. Again, Plaintiff did not comply. The Court warned that failure to comply with court orders would result in a recommendation to dismiss this action. Id.

It is worth noting that the undersigned previously issued a Report recommending dismissal because Plaintiff failed to comply with court orders to submit a legally sufficient complaint and pay the fee or file a proper IFP application. ECF No. 4. Plaintiff's amended complaint arrived the same day along with a motion seeking an extension of time to file a proper IFP application. ECF Nos. 5, 6. The Court vacated the pending Report and gave

Plaintiff until **October 2, 2023**, to comply. ECF No. 7. Still, Plaintiff has not paid the fee and did not file a complete IFP application.

### III. Conclusion and Recommendation

It is respectfully **RECOMMENDED** that the complaint be **DISMISSED WITHOUT PREJUDICE** because it is a shotgun pleading and because Plaintiff failed to comply with a court order pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. L. R. 41.1. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

**IN CHAMBERS** at Tallahassee, Florida, on October 10, 2023.

> s/ Martin A. Fitzpatrick
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).